IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 1:08cr20/MW/GRJ
 1:15cv232/MW/GRJ

GEORGE CLAY REEVES

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 66), and the Government's Response thereto. (ECF No. 70.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On June 24, 2008, a grand jury returned a one-count indictment charging Petitioner with Possession of Counterfeit Obligations in violation of 18 U.S.C. § 472. (ECF No. 1.) On June 30, 2008, Petitioner appeared for his initial appearance, was appointed counsel, and was ordered detained. (ECF No. 7.) On July 22, 2008, a grand jury returned a superseding indictment adding a second count for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). (ECF No. 15.) On July 30, 2008, Petitioner appeared before the Court on the superseding indictment and was again arraigned and ordered detained. (ECF Nos. 20-23.)

On August 25, 2008, Petitioner appeared before United States Magistrate Judge Allan Kornblum for the purpose of considering Petitioner's entry of a plea of guilty to the indictment. (ECF No. 36.) On that date, Judge Kornblum entered a report and recommendation recommending that the District Court accept Petitioner's plea of guilty. *Id.* On August 27, 2008, United States District Judge Stephan P. Mickle accepted the plea. (ECF No. 38.)

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The Final PSR grouped Counts One and Two into a single count pursuant to U.S.S.G. § 3D1.2(c). (ECF No. 68, PSR ¶ 21.) The PSR further reflected that Petitioner had a base offense level of 24. *Id.* at ¶ 23. The PSR further determined Petitioner was subject to a Chapter Four Enhancement under the provision of § 924(e) of the Armed Career Criminal Act ("ACCA"). *Id.* at ¶ 30. Petitioner's total offense level was 31. *Id.* at ¶ 32. Petitioner's criminal history category was VI. *Id.* at ¶ 49. The applicable guidelines range was 188 to 235 months. *Id.* at ¶ 87.

On November 3, 2008, Judge Mickle sentenced Petitioner to 211 months of imprisonment as to each count (to run concurrently), a three-year term of supervised release as to Count One, a five-year term of supervised release as to Count Two, and a $200 Special Monetary Assessment. (ECF No. 47.) The Court entered the judgment against Petitioner on November 25, 2008. (ECF No. 48.)

Petitioner did not file an appeal to the Eleventh Circuit Court of Appeals, nor did he file a Motion for Certiorari in the United States

Supreme Court. On October 15, 2015, Petitioner signed his first § 2255 Motion, nearly seven years after entry of final judgment in his criminal case. (ECF No. 58 at 5.) On November 12, 2015, Petitioner filed a First Amended Motion to Vacate, which is currently pending before the Court. (ECF No. 61.) On December 2, 2015, the Government filed a Response to the First Amended Motion (ECF No. 64), and on December 21, 2015, Petitioner filed a Reply. (ECF No. 65.) On June 24, 2016, Petitioner filed a Motion for Leave to File a Second Amended Motion (ECF No. 66), to which the Government filed a Response (ECF No. 70.)

As an initial matter, the Court grants Petitioner's request for leave to file a Second Amended Motion and accepts Petitioner's Second Amended Motion for filing. It should be noted, however, that in an effort to construe the instant § 2255 petition in the light most favorable to Petitioner, a *pro se* litigant, the Court, in rendering this opinion, has reviewed the arguments raised in Petitioner's previously filed Motions. The Court will further utilize the date Petitioner signed his initial § 2255 petition for the purpose of calculating the statute of limitations.

Petitioner argues he is not an armed career criminal under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), because his four prior convictions for simple burglary were used to enhance his sentence under the ACCA's now-unconstitutional residual clause. (ECF No. 59 at 2; ECF No. 61 at 4; ECF No 65 at 1.) Petitioner argues Florida burglary does not fall within the ACCA's enumerated offense of burglary, and thus his sentence could only have been enhanced using the residual clause. (ECF No. 66 at 3.) Further, although Petitioner admits he has "a record of various drug crimes," he maintains those drug crimes are not serious drug offenses under the ACCA. *Id.*

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230,

1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn,* 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Time Bar

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on November 25, 2008, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. *See* FED. R. APP. P. 4(b)(1). Thus, the instant petition, filed almost seven years later on October 15, 2015, is untimely.

Petitioner seeks to invoke § 2255(f)(3) to overcome the time-bar on the grounds that *Johnson* qualifies him for a later statute of limitations. (ECF No. 61 at 12.) A brief background of the ACCA and the *Johnson* decision is thus helpful here. The ACCA requires imposition of a fifteen-year mandatory minimum term of imprisonment for a defendant convicted of being a felon in possession of a firearm or ammunition if that defendant already has three or more convictions for a "violent felony" or a "serious drug offense." § 924(e)(1). The ACCA defined a "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year. . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B). The first prong of that definition, § 924(e)(2)(B)(i), is known as the "elements clause." *Mays v. United States*, 817 F.3d 728, 730–31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id.*

On June 26, 2015, the United States Supreme Court held in *Johnson* that the ACCA's residual clause is unconstitutionally vague. 135 S.Ct. at 2563. And in April 2016, the Court held that the *Johnson* decision is retroactively applicable to cases on collateral review. *Welch v. United States,* 136 S.Ct. 1257, 1268 (2016).

Petitioner, however, cannot rely on *Johnson* to revive his untimely petition. *Johnson* held only that the residual clause of the ACCA was

unconstitutionally vague and violated due process. 135 S.Ct. at 2563. *Johnson* did not call into question the ACCA's provision regarding serious drug offenses. Accordingly, *Johnson* does not apply because Petitioner's sentence was enhanced based on at least three prior serious drug offenses.

A serious drug offense is defined in the ACCA as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(ii)(A). Here, Petitioner has previously been convicted of four serious drug offenses: possession of cocaine with intent to sell (Cause Nos. 98-CF-8520 and 98-CF-19590), and sale of cocaine (Cause Nos. 2000-CF-43608 and 2001-CF-31779). (ECF No. 15 at 2-3; ECF No. 35 at 3; ECF No. 68 at 6.)

Florida Statute § 893.13(1)(a)(1) makes it unlawful for a person to sell, or deliver, or possess with intent to sell, a controlled substance. A controlled substance offense listed under § 893.03(2)(a) is a second degree felony. Cocaine is specifically identified as one of the controlled

substances included within that prohibition. § 893.03(2)(a)(4). Second degree felonies in Florida are punishable by a maximum term of fifteen years' imprisonment. Fla. Stat. § 775.082(9)(a)(3)(c). Thus, Petitioner's prior controlled substance offenses meet the ACCA's definition of serious drug offenses, and the ACCA's residual clause is not implicated here.[1]

Petitioner argues that the Government relied only on his four prior burglary convictions to enhance his sentence. (ECF No. 65 at 1). Citing *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009), Petitioner argues the Government cannot now rely on prior serious drug offenses to sustain the enhancement. *Id.*

*Canty* is not persuasive here. In *Canty*, the petitioner argued the Government failed to establish that the petitioner's predicate offenses were committed successively rather than simultaneously. The Eleventh Circuit held that the Government had waived its right to rely on facts set forth in

---

[1] *See United States v. Smith*, 775 F.3d 1262, 1265-68 (11th Cir. 2014) (holding that Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b)); *United States v. Adams*, 372 F. App'x 946, 950 (11th Cir. 2010) (holding that defendant's conviction for possession with the intent to sell, manufacture, or deliver, a controlled substance was a serious drug offense); *United States v. Pitts*, 394 F. App'x 680, 683-84 (11th Cir. 2010) (holding that both the sale and delivery of cocaine qualify as a serious drug offense for the purposes of the ACCA).

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

the PSR to determine that Canty's escape and obstructing or opposing an officer with violence crimes were committed on occasions different from one another and therefore constitute two predicate convictions for purposes of ACCA enhancement. No such waiver exists here.

Moreover, in this case, the superseding indictment and the factual basis for the plea, which Petitioner signed, set forth Petitioner's prior drug convictions as serious drug offenses. These prior drug offenses were also set forth the in the PSR (¶ 14), along with the ACCA enhancement (¶ 30), to which Petitioner did not object. Accordingly, the record reveals the Government relied on the aforementioned serious drug offenses to enhance Petitioner's sentence. Thus, Petitioner cannot invoke the decision in *Johnson* in order to overcome the untimeliness of his Petition.

Notwithstanding the untimeliness of the instant application, Petitioner fails to meet his burden of establishing a *Johnson* violation. A § 2255 movant bears the burden of proving his *Johnson* claim. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) ("[T]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his

sentence). *Id.* at 1221-22. The movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." *Id.* at 12221. In other words, he must show that the clause actually adversely affected the sentence he received. *Id.* (citing *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016) (footnote omitted)). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. *Id.* That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense. *Id.*

      Petitioner fails to carry his burden. Petitioner points to nothing in the record indicating the Court relied solely on the residual clause in applying Petitioner's ACCA enhancement. Moreover, as discussed previously, Petitioner has at least three other prior convictions that qualified as serious drug offenses. *Id.* Accordingly, Petitioner fails to prove his *Johnson* claim.

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

### *C. Evidentiary Hearing*

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 66) should be **DENIED**.

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of December, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:08cr20/MW/GRJ; 1:15cv232/MW/GRJ